ANDREWS et al. v. McGILL et al. (No. 5530.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1915.)

1. CARRIERS �101=215—CARRIAGE OF LIVE STOCK —LIABILITY.

A carrier receiving from another carrier cattle for shipment is liable for injuries to the cattle caused by placing them in pens without shelter and too small to accommodate them properly, and allowing them to remain therein for a day in the sun without food or water, though it may not be liable for not holding a train for the cattle.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. �101=215.]

2. CARRIERS �101=219—CARRIAGE OF LIVE STOCK —LIABILITY.

A connecting carrier, guilty of negligently handling cattle received from the initial carrier, is liable for the injuries caused thereby, though the initial carrier was negligent in delaying the delivery of the cattle and prevented the connecting carrier in taking them out on its first train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. �101=219.]

Appeal from Jim Wells County Court; L. Broeter, Judge.

Action by H. F. & J. C. McGill against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, and another. From a judgment for plaintiffs, the Texas Mexican Railway Company appeals. Affirmed.

Greer & Hamilton and Asher R. Smith, all of Laredo, for appellant. Perkins & Leslie, of Alice, for appellees.

FLY, C. J. This is a suit for damage to 79 steers shipped by appellees over the lines of the St. Louis, Brownsville & Mexico Railway Company, Frank Andrews being its receiver, and the Texas Mexican Railway Company, from Norias, a station on the first-named railroad, to Alice, a station on the last-named railway. The cause was submitted to a jury on special issues, and on the answers judgment was rendered in favor of appellees against the receiver for $332.50, and against the Texas Mexican Railway Company for $400. The latter alone has appealed.

[1] The requested charge of appellant refusal of which is complained of in the first assignment of error was properly rejected by the court. The evidence showed that the negligence of appellant consisted in holding the cattle in pens, without shelter, in Robstown, too small to accommodate them properly, and it would have been erroneous to have instructed a verdict for appellant in case the jury found that there was no damage to the cattle between Robstown and Alice. The evidence showed that the cattle were crowded, without food or water, into pens too small for their comfort, and allowed to remain therein for a day in the sun, causing great damage to them, and that the cattle had been delivered to appellant by its connecting carrier before they were placed in the pens. Most of the damage to the cattle occurred at Robstown after they had been delivered to appellant. It may not have been liable for not holding its train for the cattle for a few minutes longer than it did, but it is liable for its treatment of the cattle in Robstown.

[2] The special charge the refusal of which is assailed in the second assignment of error was properly refused by the court. It was alleged and proved that a large part of the damages occurred through the negligence of appellant after the cattle were delivered to it in Robstown, and it would have been decidedly improper to have instructed the jury, in effect, that as the first carrier had delayed the cattle on its road, appellant would not be liable for its negligence while the cattle were in the pens at Robstown. The first carrier was doubtless negligent in not delivering the cattle with proper dispatch, so that they could have gone out on the morning train, but that negligence did not authorize or justify further negligence on the part of appellant. The law applicable to a delivery of the cattle by one carrier to another was correctly embodied in a special charge asked by the receiver and given by the court.

The judgment is affirmed.